ON APPLICATION FOR ADMISSION TO THE BAR
PER CURIAM.
The Committee on Bar Admissions (“Committee”) opposed the application of petitioner, Robert B. Schyberg, Jr., to sit for the Louisiana Bar Examination based on character and fitness concerns relating to his 1998 conviction of possession of marijuana and his failure to disclose past criminal conduct when he applied to law school. We subsequently granted petitioner permission to sit for the bar exam, with the condition that upon his successful completion of the exam, he apply to the court for the appointment of a commissioner to take character and fitness evidence.[1]
Petitioner thereafter successfully passed the essay portion of the bar exam, and upon his application, we appointed a commissioner to take evidence and report to *121 this court whether petitioner possesses the appropriate character and fitness to be admitted to the bar and allowed to practice law in the State of Louisiana. We also authorized the Office of Disciplinary Counsel to conduct an investigation into petitioner’s qualifications to be admitted to the bar.
The commissioner conducted a character and fitness hearing in March 2005, pursuant to Supreme Court Rule XVII, § 9(B). The commissioner received documentary evidence and heard testimony given by petitioner and his witnesses. Petitioner was also questioned about his lengthy record of criminal and traffic | violations, his use of marijuana, and his failure to disclose relevant information on his law school application.[2]
At the conclusion of the hearing, the commissioner filed his report with this court, recommending that petitioner be admitted to the practice of law. The Committee objected to that recommendation, and oral argument was conducted before this court pursuant to Supreme Court Rule XVII, § 9(B)(3).
At oral argument, petitioner acknowledged that he has not always responded truthfully when asked about his marijuana use and when that conduct ceased. Furthermore, he admitted that he was arrested in Connecticut in February 2003 for threatening his former wife, and that he failed to disclose the arrest when he applied to sit for the bar exam.[3]
After hearing oral argument, reviewing the evidence, and considering the law, we conclude petitioner has failed to meet his burden of proving that he has “good moral character” to be admitted to the Louisiana State Bar Association. See Supreme Court Rule XVII, § 5(E).
Accordingly, it is ordered that the application for admission be and hereby is denied.

. In re: Schyberg, 03-0382 (La.2/6/03), 836 So.2d 80.

. Petitioner misrepresented that he had attended only Boston College as an undergraduate, when in fact he had attended four other institutions of higher learning. Petitioner also failed to disclose that one of these institutions, the University of Central Florida, had placed him on academic probation. Concerning his criminal history, petitioner failed to report that he had been arrested for contempt of court in 1989, that he had violated his probation in 1993, and that he was arrested for assault and battery in 1998.

. It is noteworthy that petitioner did not mention the Connecticut arrest in his testimony during the character and fitness hearing, nor did he do so in the sworn statement he gave during the investigative phase of this proceeding.